CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
For C'Ville
OCT 2 0 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| COLUMBIA GAS CO., <br><br> Plaintiff, <br><br> v. <br><br> EASEMENTS TO CONSTRUCT FACILITIES FOR THE MAINTENANCE AND OPERATION OF GAS TRANSMISSION PIPELINES ACROSS PROPERTY OF LOUISA COUNTY, VIRGINIA ET. AL., <br><br> Defendants. | CIVIL ACTION NO. 3:04-CV-00036 <br><br><br> ORDER AND OPINION <br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Motion for Relief from Final Judgment and Enforcement of Settlement with Susie Mallory and Willie Brice, heard before the Court on August 12, 2005. Upon Plaintiff's Motion, the Court hereby VACATES its Order of March 30, 2005 dismissing this case with prejudice and ENTERS JUDGMENT in the case as to Defendants Willie Brice and Susie Mallory.

This issue arises from events that occurred after a hearing on January 20, 2005. At that hearing, the Court and the Plaintiff understood Mr. Brice, a pro se defendant in the case, to say that he had settled with Plaintiff. After the hearing, however, Brice refused to execute the settlement agreement for himself or his mother, for whom he is attorney in fact. Brice argues that

1

he never actually settled the case with Plaintiff.

Plaintiff brings this Motion to seek relief from judgment and obtain an order directing Brice to execute the settlement agreement for himself and Susie Mallory. Plaintiff also requests Brice to provide an original of his power of attorney. Plaintiff seeks sanctions against Mr. Brice in the amount of $1,400, the amount it was to have paid Brice upon settlement.

This case has languished in limbo for several months awaiting a transcript of the January 20, 2005 proceedings. Unfortunately, the transcript available does not contain the events prior to the swearing of the Commissioners at the hearing, and thus does not involve any of the events at issue here. However, the minute entry docketed after the January 20 proceedings states:

> Matter comes before the Court regarding settlement proceedings. Panel of appointed commissioners present. Marshall Slayton is present as guardian ad litem for Susie Mallory; Willie Brice is present, advises the Court that they have reached an agreement with plaintiff. Attorney Slayton states agreement to Court. Defendant Melvin Harlow has not been able to reach an agreement and that defendant needs to proceed before the panel.
> Court administers oath to panel. Oath form is executed with Deputy Clerk as witness.
> Court gives instructions to Panel of Commissioners.
> Court leaves proceedings to the Panel and attorneys and defendant Melvin Harlow.

Minute Entry for proceedings held before Judge Norman K. Moon: Settlement Hearing held on 1/20/2005, docket no. 67.

Before turning to the merits of this case, the Court must first address the jurisdictional issues arising from Plaintiff's Motion. A district court has discretion to vacate previous orders and thus restore a case to its docket under Rule 60(b)(6). *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378-79 (1994); *Fairfax Countywide Citizens Ass'n v. County of Fairfax*, 517 F.2d 1299, 1303 (4th Cir. 1978). However, a district court may only enforce a settlement agreement

2

where it has some basis for federal jurisdiction over the settlement itself. *Fairfax Countywide Citizens Ass'n*, 571 F.2d at 1303; *Columbus-America Disc. Group v. Atl. Mut. Ins.*, 203 F.3d 291, 299 (4th Cir. 2000). It is well settled that federal courts are courts of limited jurisdiction, and are not automatically empowered to enforce private contracts between the parties. A federal court may enforce a settlement agreement only where the agreement has been approved and incorporated into the order of the court, or where, at the time enforcement is sought, some independent ground for federal jurisdiction exists. *Fairfax Countywide Citizens Ass'n*, 571 F.2d at 1303; *Columbus-America Disc. Group*, 203 F.3d at 299.

The Court's jurisdiction to enforce this settlement agreement is thus doubtful. The Order dismissing the case with prejudice did not approve of the settlement or incorporate it. The case originally came before the Court under 15 U.S.C. § 717f(h), which provides for federal jurisdiction over eminent domain disputes between a property owner and the holder of a certificate of public convenience. This statute has a jurisdictional threshold of $3,000, however, and the claims of Willie Brice and Susie Mallory together total only $2,900.[1] Similarly, diversity jurisdiction is inappropriate because of the small amount at issue.

Based on the testimony given at the August 12, 2005 hearing and the minute entry for the January 20, 2005 proceedings, however, the Court finds that on January 20, 2005, Brice did state to the Court and opposing counsel that he had reached a settlement with the Plaintiff. Brice's claim that the parties had merely agreed to agree is nonsensical; a party must be presumed to

---

[1] In his testimony before the Court on August 12, 2005, Mr. Brice was unclear on the actual value he sought for the easement. Given, however, that the Court finds that Brice did settle with Columbia Gas, the Court takes the amount at issue for Mr. Brice's property to be the amount in the settlement agreement: $1,400.

3

intend the logical meaning of his words to the Court, and even a pro se defendant such as Mr. Brice must be expected to behave as a rational person capable of the appropriate caution in his statements. Similarly, Brice's argument that he never returned to court or made any such statement flies in the face of the facts. Whether Brice's memory lapse is honest or self-serving, he is bound by his statement that he and the Plaintiff had reached an agreement.

In light of the above, the Court makes the following findings:

(1) Plaintiff Columbia Gas Co. and Defendants Willie Brice and Susie Mallory (by Marshall Slayton) did reach a settlement agreement on January 20, 2005.

(2) The terms of these agreements are embodied in the easement agreements that Plaintiff sought to enforce, which are attached to this judgment.

(3) Defendant Brice has caused substantial delay and expense to Plaintiffs in his refusal to sign the agreement in his own name or on Susie Mallory's behalf.

In light of these findings, the Court VACATES its previous Order dismissing this case with prejudice and ENTERS JUDGMENT for the Plaintiff against Defendants Willie Brice and Susie Mallory. The terms of this judgment are included in the attached easement agreements, which the Court incorporates into its judgment.

Under the terms of this judgment, Defendant Willie Brice is required to sign the agreements for himself and for Susie Mallory as her attorney in fact, as well as provide Plaintiff with his power of attorney for Susie Mallory. If he fails to do so, Plaintiff may bring an appropriate enforcement action against him in state court.

It is so ORDERED.

The Clerk of the Court is directed to send a copy of this Order to all counsel of record and

pro se litigants.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

October 20, 2005
Date

# CATHODIC PROTECTION EASEMENT

THIS AGREEMENT is made this _____ day of **June, 2005** between **Willie Brice** whose residence address is **262 Crewe Road, Louisa, Virginia 23093** and whose mailing address is **the same** Grantor(s) (hereafter "Landowner," whether one or more), and Columbia Gas Transmission Corporation, a Delaware corporation, with a place of business at 1700 MacCorkle Avenue, S.E., Charleston, WV 25314, and a mailing address of P. O. Box 1273, Charleston, WV 25325-1273, Grantee (hereafter "Columbia").

## WITNESSETH

**GRANT.** In consideration of Columbia's promise to pay Landowner the sum of $1,400 when Columbia exercises the rights herein granted, Landowner hereby grants to Columbia an exclusive easement to:

(1) construct, operate, maintain, replace, alter the size of and remove or abandon a cathodic protection system for a pipeline and/or underground cable system, including, without limitation, electric transmission lines, conduits, wires, cables, anodes, ground beds, circuits, cathodic protection equipment and rectifiers;

(2) connect inlet and outlet electric lines to and from the cathodic protection equipment, including, without limitation, the right to construct, operate, maintain, repair, replace, change the size of and remove or abandon poles together with the necessary guys and other supports, attachments and incidental equipment necessary or proper for use in connection with said electric transmission lines; and

(3) ingress to and egress from the right-of-way area by means of any location or area between Shannon Hill Road, also known as route 605, and the right of way area;

under, on, across, and through Landowner's property situate in **Mineral** Twp./Dist., **Louisa** County, **Virginia**, containing **1.865** acres, more or less, as more particularly described in that certain deed dated **February 16, 2001**, from **Susie Ann Mallory**, to **Willie Brice**, recorded in the Land Records of said County in Deed/Liber/Volume **669**, at page **387**, and incorporated herein by reference for a more particular description of said property, said easement area being more specifically shown on Exhibit A, attached hereto and made a part hereof. Columbia shall not expand the easement or add additional above ground facilities within the easement except as required by statute or regulation.

**EXHIBIT 1**

Landowner's source of title (if different than above):
Deed/Liber/Volume/Will **669** at page **387**, which is incorporated herein by reference.

Property tax or permanent parcel identification number: **79-31**

**LANDOWNER'S RIGHT OF POSSESSION.** Landowner may fully use and enjoy the easement area to the extent that such use and enjoyment does not interfere with Columbia's rights under this Agreement. However, Landowner shall not change the depth of cover over the easement area of any installed facility without the written consent of Columbia, and shall not place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, mobile homes, trees, paved roads or paved passage ways or the like on or over the easement area of any installed facility, and shall not store any materials of any kind or operate or allow to be operated any heavy machinery or equipment over the easement area, nor permit the easement area to be covered by standing water, except in the course of normal seasonal irrigation. Provided, however, that Landowner shall have the right to continue to use the existing 20 foot driveway at its present location only as access to the property.

**SUCCESSORS.** All rights and duties under this Agreement shall benefit and bind Landowner and Columbia and their respective heirs, successors and assigns.

**WITNESS** the following signature(s) and seal(s):

_____
Willie Brice

STATE OF VIRGINIA
COUNTY OF _____,

The foregoing instrument was acknowledged before me on this _____ day of June 2005, by Willie Brice.

My commission expires _____.

_____
Notary Public



# CATHODIC PROTECTION EASEMENT

THIS AGREEMENT is made this _____ day of **June, 2005**, between **Susie Mallory** whose residence address is **262 Crewe Road, Louisa, Virginia 23093** and whose mailing address is **the same** Grantor(s) (hereafter "Landowner," whether one or more), and Columbia Gas Transmission Corporation, a Delaware corporation, with a place of business at 1700 MacCorkle Avenue, S.E., Charleston, WV 25314, and a mailing address of P. O. Box 1273, Charleston, WV 25325-1273, Grantee (hereafter "Columbia").

## WITNESSETH

**GRANT.** In consideration of Columbia's promise to pay Landowner the sum of $1,500 when Columbia exercises the rights herein granted, Landowner hereby grants to Columbia an exclusive easement to:

(1) construct, operate, maintain, replace, alter the size of and remove or abandon a cathodic protection system for a pipeline and/or underground cable system, including, without limitation, electric transmission lines, conduits, wires, cables, anodes, ground beds, circuits, cathodic protection equipment and rectifiers;

(2) connect inlet and outlet electric lines to and from the cathodic protection equipment, including, without limitation, the right to construct, operate, maintain, repair, replace, change the size of and remove or abandon poles together with the necessary guys and other supports, attachments and incidental equipment necessary or proper for use in connection with said electric transmission lines; and

(3) ingress to and egress from the right-of-way area by means of any location or area between Shannon Hill Road, also known as route 605, and the right of way area and between South Fork Drive and the right of way area;

under, on, across, and through Landowner's property situate in **Mineral** Twp./Dist., **Louisa** County, **Virginia**, containing **54.14** acres, more or less, as more particularly described in that certain deed dated **July 27, 1933**, from **Marcellus Brice, Sr.**, to **Frank Brice**, recorded in the Land Records of said County in Deed/Liber/Volume **52**, at page **520**, and incorporated herein by reference for a more particular description of said property, said easement area being more specifically shown on Exhibit A, attached hereto and made a part hereof. Columbia shall not expand the easement or add additional above ground facilities within the easement except as required by statute or regulation.

**EXHIBIT 2**

Landowner's source of title (if different than above):
Deed/Liber/Volume/Will **52** at page **520**, which is incorporated herein by reference.

Property tax or permanent parcel identification number: **79-30**

**LANDOWNER'S RIGHT OF POSSESSION.** Landowner may fully use and enjoy the easement area to the extent that such use and enjoyment does not interfere with Columbia's rights under this Agreement. However, Landowner shall not change the depth of cover over the easement area of any installed facility without the written consent of Columbia, and shall not place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, mobile homes, trees, paved roads or paved passage ways or the like on or over the easement area of any installed facility, and shall not store any materials of any kind or operate or allow to be operated any heavy machinery or equipment over the easement area, nor permit the easement area to be covered by standing water, except in the course of normal seasonal irrigation.

Notwithstanding the foregoing, Landowner shall have the right to place one twenty-five (25) foot wide gravel or dirt road, passageway or driveway and one fifty (50) foot wide paved, gravel or dirt road, passageway or driveway across the easement area provided, however, that Landowner shall give Columbia 180 days notice in writing before commencing any work on one of the roads, passageways or driveways which notice shall include a description of the proposed driveway, road or passage way. Columbia shall, at its expense, make any necessary adjustments to the cathodic protection cable and agree to the installation of the driveway, road or passageway. Provided, however, that the driveway, road or passageway may only be located between Columbia's existing pipeline right of way, depicted on Exhibit A attached hereto, and the western boundary of the property of Willie Brice depicted on Exhibit A attached hereto. In the event the installation of the 50 foot wide road or passageway requires the installation of an acceleration or deceleration lane or a turn lane and such lane encroaches upon the easement, Columbia will relocate the portion of the easement encroached upon provided that Landowner grants Columbia a new easement for the area to which the existing easement is relocated, which shall be as close as possible to the existing easement area, executes Columbia's standard Relocation Agreement and pays all costs relating to the relocation of the easement or any portion thereof.

**SUCCESSORS.** All rights and duties under this Agreement shall benefit and bind Landowner and Columbia and their respective heirs, successors and assigns.

**WITNESS** the following signature(s) and seal(s):

                                        Susie Mallory

                                        By:_____

                                        Print:_____

                                        Attorney in Fact for Susie Mallory

STATE OF VIRGINIA
COUNTY OF _____,

      The foregoing instrument was acknowledged before me on this _____ day of June, 2005 by Willie Brice the attorney in fact for Susie Mallory.

My commission expires _____.

                                        _____
                                                    Notary Public

